

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable H. O. Hooser
County Attorney
Howard County
Big Spring, Texas

Dear Sir:

Opinion No. 0-7332
Re: Does a duly appointed
juvenile officer have
a legal right to carry
a gun while in the dis-
charge of his official
duties?

Your letter of July 31 requesting an opinion of this department has been received. Your letter reads, in part, as follows:

"I would like to have your ruling on the following matters:

"Is a duly appointed juvenile officer of a county considered a peace officer?

"Has he the right to carry a protective weapon as any other officer, as indicated in Art. 5142, Vernon's Civil Statutes of Texas, 1945-1946 cumulative annual pocket part which reads in part: 'and such juvenile officer shall be vested with all the powers and authority of police officers or sheriffs incident to their offices.'

"The whole question I am seeking to have answered is whether or not a juvenile officer has a legal right to carry a gun when on duty."

Senate Bill Number 6, Chapter 205, Acts of the Regular Session, 49th Legislature, is an act amending Article 5142 of the Revised Civil Statutes of Texas, 1925, as amended in 1927 and 1937. This act provides for juvenile officers, their selection, compensation, expenses and assistants, prescribes their duties, and provides all things necessary and incident to the main purpose of the Act.

Honorable H. C Hooser - Page 2

The above amended Article 5142 provides, in part, as follows:

"Such officers shall have authority and it shall be their duty to make investigations of all cases referred to them as such by such Board; to be present in court and to represent the interest of the juvenile when the case is heard, and to furnish to the court and such Board any information and assistance as such Board may require, and to take charge of any child before and after the trial and to perform such other services for the child as may be required by the court or said Board, and such juvenile officers shall be vested with all the power and authority of police officers or sheriffs incident to their offices." (Emphasis supplied)

Article I, Section 23, of the Texas Constitution provides:

"Every citizen shall have the right to keep and bear arms in the lawful defence of himself or the State; but the Legislature shall have power, by law, to regulate the wearing of arms, with a view to prevent crime." (Emphasis supplied)

In furtherance of this permissive clause in the Texas Constitution the Legislature provided in Article 483 of the Revised Penal Code of Texas, 1925, that:

"Whoever shall carry on or about his person, saddle, or in his saddle bags any pistol, dirk, dagger, slung-shot, sword cane, spear or knuckles made of any metal or any hard substance, bowie knife, or any other knife manufactured or sold for the purposes of offense or defense, shall be punished by fine not less than $100.00 nor more than $500.00 or by confinement in jail for not less than one month nor more than one year."

The following Article, Article 484, provides certain exemptions to the above statute and provides:

"The preceding article shall not apply to a person in actual service as a militiaman, nor to any peace officer in the actual discharge of his official duty, nor to the carrying of arms on one's own premises or place of business, nor to persons traveling, nor to any deputy constable, or special policeman who receives a compensation of forty dollars or more per month for his services as such officer, and who is appointed in conformity with the statutes authorizing such appointment; nor to the Game, Fish and Oyster Commissioner, nor to any deputy, when in the actual discharge of his duties as such, nor to any game warden, or local deputy Game, Fish and Oyster Commissioner when in the actual discharge of his duties in the county of his residence, nor shall it apply to any game warden or deputy Game, Fish and Oyster Commissioner who actually receives from the State fees or compensation for his services. Acts 1871, p. 25, Acts 1918, p. 194." (Emphasis supplied)

Article 36 of our Code of Criminal Procedure defines peace officers:

"The following are 'peace officers;' the sheriff and his deputies, constable, the marshal or policemen of an incorporated town or city, the officers, non-commissioned officers and privates of the State ranger force, and any private person specially appointed to execute criminal process." (Emphasis supplied)

From the previously set out constitutional and statutory provisions we find that the Texas Constitution gives to the Legislature the power to regulate the wearing of arms. The Legislature provides a penalty for the wearing of certain specifically described arms but exempts certain persons among which is "any peace officer in the actual discharge of his official duty." In Article 36 of the Code of Criminal Procedure, sheriffs and policemen of an incorporated town or city are designated peace officers, and therefore in accordance with Article 484 they are exempt from the provisions of Article 483 while in the actual discharge of their official duty.

Honorable H. C. Hooser - Page 4


Therefore, since Article 5142 provides that juvenile officers "shall be vested with all the powers and authority of police officers or sheriffs incident to their offices," it logically follows that juvenile officers are entitled to the same exemption while in the actual discharge of their official duties. as other peace officers.

It is our opinion that a juvenile officer has the legal right to carry a gun while in the discharge of his official duty.

We trust that the above fully answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Clarence Y. Mills
Assistant

APPROVED AUG 15, 1946

FIRST ASSISTANT
ATTORNEY GENERAL

CYM:zd

